**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

| | | |
|---|---|---|
| **SHAWN WAYNE HILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:07-0349** |
| | ) | |
| **SHERIFF SCOTT SIMMS, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On May 30, 2007, Plaintiff filed an Application to Proceed *in forma pauperis* and a Complaint (Document Nos. 1 and 2.) alleging that Mason County Sheriff Scott Simms, Deputies and a Mason County Magistrate violated his rights through the issuance and execution of search warrants in December 2002, and August 2003, which were later determined to be defective[1] and the use of excessive force three times including in March or April 2003, when Plaintiff was serving a ten day sentence for driving with a suspended driver's license and on April 13, 2004, as he was being taken out of the Mason County Circuit Court room following a hearing. Plaintiff states that on April 13, 2004, the Defendants beat him so badly that he had to be taken to the emergency room. Plaintiff states that "I could not breath at all through my nose. I believe it was broken. I could not eat, drink or swallow because it hurt my throat to swallow. There were bruises all over my body and

_____

[1] While he was incarcerated at McDowell County Detention Center, Plaintiff was charged in *United States v. Hill*, Criminal No. 3:04-0113, with possessing firearms having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). On July 25, 2005, Plaintiff filed a Motion to Suppress the introduction of the firearms in evidence at the trial of the matter and a Memorandum in Support claiming that the December 2002, search warrant issued by the Mason County Magistrate was defective. *Id.*, Document Nos. 27 and 28. On August 1, 2005, with leave of the District Court the United States filed a Notice of Dismissal without prejudice. *Id.*, Document No. 29.

lacerations and cuts and scrapes on my face."  Apparently anticipating that his claim respecting the defective search warrants might be time barred, Plaintiff states that he did not know that the December 2002, search warrant was defective until August 1, 2005, when the District Court dismissed United States v. Hill, Criminal No. 3:04-0113, and he learned that the 2003 search warrant was defective in January 2006, when his attorney informed him that Mason County Circuit Judge Nibert had found it so.

Plaintiff indicates that he filed suits in the Mason County Circuit Court in 2005 and 2006. Those suits were styled State of West Virginia, ex rel. Shawn Wayne Hill v. Betty J. Hardin, Administrator of the McDowell County Correctional Center, Civil Action No. 05-C-152, and Shawn Wayne Hill v. Scott Simms, Mason County Sheriff, et al., Civil Action No. 06-C-116. It appears from a copy of an Order attached as Exhibit F to Plaintiff's Complaint that Civil Action No. 05-C-152 was a *habeas corpus* action, and it appears from other documents attached to Plaintiff's Complaint and a copy of some of the documents in Civil Action No. 06-C-116 as the Court has obtained them from the Office of the Clerk of the Circuit Court of Mason County[2] that Civil Action No. 06-C-116 was based upon the same circumstances and contained the same allegations as those alleged herein. Circuit Judge David W. Nibert dismissed Plaintiff's action in Civil Action No. 06-C-116 finding Plaintiff's claims barred by operation of W.Va. Code § 55-2-12, West Virginia's two year statute of limitations, and Defendants' immunity from suit. Having examined Plaintiff's Complaint in this matter and documents as the Court has obtained them from the Office of the Clerk of the Circuit Court of Mason County, the Court finds that Plaintiff's allegations must be regarded

---

[2] The Court has filed the documents obtained from the Office of the Clerk of the Circuit Court of Mason County separately.

as charging that Defendants committed violations of his constitutional rights in violation of 42 U.S.C. § 1983 and dismissed as clearly barred by operation of the applicable statute of limitations and the doctrines of *res judicata* and collateral estoppel.

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must dismiss the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. Where it is clear from the face of a complaint that all of the facts necessary to an affirmative defense appear in the complaint, then the district court has the authority to dismiss the action. Goodman v. Praxair, 494 F.3d 458 (4th Cir. 2007). Thus, the District Court may dismiss a case on the basis of circumstances appearing clearly on the face of a complaint which would be the basis for an affirmative defense.

## DISCUSSION

### A.      Statute of Limitations.

The applicable statute of limitations for an action filed pursuant to 42 U.S.C. § 1983 is based upon the State's limitations period applicable to a personal injury action. Owens v. Okure, 488 U.S. 235, 249 (1989).  Under West Virginia law, the statute of limitations for a personal injury action is two years.[3] W. Va. Code § 55-2-12. According, a two-year statute of limitations applies to this action.  The time of accrual for a Section 1983 action is determined by federal law. Nassim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995), cert denied, 516 U.S. 1177 (1996).  Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id.  An excessive force cause of action accrues at the time of the alleged use of excessive force.  An illegal search and seizure cause of action is analogous to a claim of false arrest and imprisonment, Barnhill v. Strong, 2008 WL 544835 (D.Md.), and accrues at the time the defective process was initiated. Wallace v. Kato, 549 U.S. 384 (2007); Smith v. McCarthy, 349 Fed. Appx. 851, 856-857 (4th Cir. 2009).  Because a plaintiff asserting excessive force and defective process causes of action is deemed to have sufficient information about the harm he or she has sustained at the time of the use of excessive force and the defective process was initiated, the discovery rule will not operate to

---

[3]  West Virginia Code § 55-2-12 provides the following:

Every personal action for which no limitation is otherwise prescribed shall be brought:  (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

extend the period of limitation.  Nor is a plaintiff's incarceration a reason for extending the period.

By his Complaint filed on May 30, 2007, Plaintiff claims that Defendants issued and executed defective search warrants in December 2002, and August 2003, and based upon evidence thereby obtained, he was illegally incarcerated.  Plaintiff further claims that he did not know that the search warrants were defective until the District Court and the Circuit Court of Mason County found them so.  Plaintiff's claims accrued at the time of the defective process, not when the Courts determined the process to be defective.  Likewise, Plaintiff claims that Defendants used excessive force in 2003 and 2004, and those claims accrued at the time of the use of the excessive force.  The factual circumstance which Plaintiff alleges as the basis for his Section 1983 claims clearly occurred considerably more than two years before he filed his Complaint.  The record does not contain any indication of circumstances which might be a basis for tolling the period of limitations.  Clearly, based upon the record before the District Court, Plaintiff's claims are barred by operation of W.Va.Code § 55-2-12 as it is applicable in these Section 1983 proceedings.

**B.**     ***Res Judicata* and Collateral Estoppel.**

The preclusive effects of the doctrines of *res judicata* and collateral estoppel are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits.  See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326 (1979); Wright & Miller, § 131.12[4][a].  "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991) (quoting Montana v. United States, 440 U.S. 147 (1979).  Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior

decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995). The doctrine of *res judicata* applies if the following elements are satisfied: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and present suit; and (3) an identity of the parties or their privies." Pueschel v. United States, 369 F.3d 345, 354-355 (4th Cir. 2004). Lawsuits are deemed to have the same cause of action if the two suits "arise from the same transaction or series of transactions or the same core of operative facts." Harnett v. Billman, 800 F.2d 1308, 1312 n. 1 (4th Cir. 1986); see also Sullivan v. Easco Corp., 662 F. Supp. 1396, 1408 (1987) ("Two causes of action are deemed the same for the purposes of *res judicata* only if the same evidentiary facts would support both actions."). In determining whether to apply the doctrine of collateral estoppel, the Court must weigh the following factors:

1.  The party against whom the estoppel is asserted must have been a party or in privity with the party in the prior action.
2.  There must have been a final determination of the merits of the issues to be collaterally estopped.
3.  The issues decided in the prior action must have been necessary, material, and essential to the prior case.
4.  The party against whom the estoppel is to be applied must have had a full and fair opportunity to litigate the issues.
5.  The issues in the prior litigation must be identical to the issues sought to be estopped.

See Parklane Hosiery, 439 U.S. at 331; Polk v. Montgomery County, Maryland, 782 F.2d 1196 (4th Cir. 1986). Here, Plaintiff's Complaint and attached exhibit include his claims in the civil case and the action of the Circuit Court.

The Court finds that Plaintiff states essentially the same factual background, causes of action and demands and names many of the same Defendants in this matter as he stated and named in Shawn Wayne Hill v. Scott Simms, Mason County Sheriff, *et al.*, Civil Action No. 06-C-116. As

6

the Circuit Court considered the Defendants' Motions to Dismiss in that matter, Plaintiff had a full and fair opportunity to litigate the issues there, and the Circuit Court granted Defendants' Motions to Dismiss.  Plaintiff's claims in this action are therefore barred by operation of the doctrines of *res judicata* and collateral estoppel.

It is hereby **ORDERED** that Plaintiff's Application to Proceed *in forma pauperis* (Document No. 1.) is **DENIED** and his Complaint (Document No. 2.) is **DISMISSED** and removed from the Court's docket.

The Clerk is directed to send a copy of this Memorandum Opinion and Order and documents obtained from the Office of the Clerk of the Circuit Court of Mason County to Plaintiff.

ENTER:  September 30, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

7